

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

**TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET**

**The following constitutes the order of the Court.**

Signed April 4, 2006                      **United States Bankruptcy Judge**

---

```
            IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION
```

IN RE:                          §
                                §
WILLIE LOUIS MASON and          §   CASE NO. 05-86977-RCM-13
LENORA ANN MASON,               §
    D E B T O R (S).          §

**MEMORANDUM DECISION**

Previously herein came on to be heard confirmation of the Chapter 13 plan by Willie Louis Mason and Lenora Ann Mason, debtors (the "Debtors"), and the objection to confirmation filed by Meadows Credit Union, secured creditor (the "Creditor").[1] The parties purported to raise an emerging issue of law under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). The parties have framed and briefed the issue in terms of whether a debtor can strip down the rate of interest on

---

[1] The court assumes for the purposes of this opinion that Meadows Credit Union ("Meadows") is the successor in interest to Centrix Resource System ("Centrix") or that Centrix's name was changed to Meadows since Debtors do not contest Meadows' standing as to the claim in question.

the lien of a secured creditor under the terms of 11 U.S.C. § 1325(a)(9) when the collateral is a motor vehicle purchased by the debtor for personal use within 910 days of the filing of the petition.[2] However, for the following reasons, the court finds it unnecessary to opine on that issue, as presented by the parties.

## Facts

On December 5, 2005, Willie Louis Mason and Lenora Ann Mason filed this Chapter 13 case. On December 9, 2005, Debtors filed Schedules A-J and their Statement of Financial Affairs. On Schedule B, Debtors list a 2004 Suzuki Forenza, the vehicle at issue (the "vehicle"), as community property with the current value of Debtors' interest in such property, without deducting any secured claim or exemption, as $12,000.00. Schedule C reflects the vehicle as exempt property under 11 U.S.C. § 522(d)(2) with the Debtors' exempt value as zero dollars and zero cents and the current value of the property, without deducting the exemption, as $12,000.00.

Creditor for the vehicle is listed on Debtors' Schedule D as Centrix Resource System as a secured creditor with a claim amount, without deducting the value of the collateral, of $14,168.00 and an unsecured portion of $2,168.00. Listed in the

---

[2] Two cases have thus far addressed this issue under BAPCPA: *In re Robinson*, 2006 WL 349801 (Bankr. W.D. Mo. Feb. 10, 2006); *In re Johnson*, 337 B.R. 269 (Bankr. M.D.N.C. 2006).

Debtors' plan is the vehicle, to be paid through such plan at an interest rate of six percent.

Debtors' plan proposes to pay Creditor's $14,168 claim ($12,000 secured and $2,168 unsecured) at six percent interest over thirty-seven months. However, the total payments due over thirty-seven months at six-percent interest would add up to $9,099.04 not the $12,000 required by the plan.[3] Thus, the plan is fatally flawed and cannot be confirmed. When Debtors scheduled Creditor's claim in Schedule D, they bifurcated the claim into a secured and unsecured portion, which is prohibited by § 1325(a)(9).

11 U.S.C. § 1325(a)(9) as amended by BAPCPA, states:

(a) Except as provided in subsection (b), the court shall confirm a plan if--

. . .

> (9) the debtor has filed all applicable Federal, State, and local tax returns as required by section 1308. For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph *if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing*[.]

---

[3] If the parties intended to make payments over fifty-two months, the plan does not reflect such.

(Emphasis added). Section 506 is the proverbial "cramdown" provision in the Bankruptcy Code, whereby a claim is "bifurcat[ed] into a secured and unsecured portions . . . ." *Bartee v. Tara Colony Homeowners Assoc. (In re Bartee)*, 212 F.3d 277, 280 n.2 (5th Cir. 2000). Section 506 has traditionally worked in tandem with § 1325(a)(5) where "11 U.S.C. § 1325(a)(5) allows a Chapter 13 debtor to reduce or eliminate the unsecured portion of the claim." *Id.*

Interestingly, when the secured creditor filed its claim, it likewise bifurcated its own claim into $2,168 unsecured and $12,000 secured, when under § 1325(a)(9) its claim was really a $14,168 secured claim.

"There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982) (internal quotation marks omitted). If the language is clear, then "the inquiry should end." *United States v. Ron Pair Enterprises*, 489 U.S. 235, 241 (1989). Here, Congress has clearly articulated that § 506 does not apply to a claim

> if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal

>    use of the debtor,[4] or if collateral for that debt
>    consists of any other thing of value, if the debt was
>    incurred during the 1-year period preceding that
>    filing[.]

11 U.S.C. § 1325(a)(9). BAPCPA

>    prevents the application of § 506, that is, the
>    bifurcation of a secured claim into secured and
>    unsecured portions, when 1) the creditor has a
>    purchase-money security interest 2) in a motor vehicle
>    acquired for the debtor's personal use, and 3) the debt
>    secured by the vehicle was incurred within 910 days of
>    the filing of the petition. *See In re Johnson*, 337
>    B.R. 269 (Bankr. M.D.N.C. 2006) (holding that new §
>    1325 prevents bifurcation under § 506 of claims meeting
>    the three requirements). If § 506 does not apply, the
>    creditor's claim must be treated under the plan as
>    fully secured.

*In re Horn*, 2006 WL 416314 (Bankr. M.D. Ala. Feb. 26, 2006)

(footnote omitted).

Confirmation is therefore denied.

### End of Memorandum Decision ###

---

[4] The court takes the liberty of surmising that the vehicle was acquired for the Debtors' personal use as it was listed on Schedule B-Personal Property and Debtors and Creditor squarely place this case within the ambit of § 1329(a)(9).